JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00111-JLS-ADS                              Date: July 26, 2021
Title: Brian Whitaker v. Ba and sh America Corp

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                           Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT (Doc. 16)**

Before the Court is Plaintiff's Application for Default Judgment. (App., Doc. 16; Mem., Doc. 16-1.) The Court finds this matter appropriate for decision without oral argument, and the hearing set for July 30, 2021 at 10:30 a.m. is VACATED. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court DENIES Plaintiff's Application.

**I.     BACKGROUND**

Plaintiff Brian Whitaker ("Plaintiff") is a California resident with physical disabilities. (Compl. ¶ 1, Doc. 1.) He is substantially limited in his ability to walk, suffers from a C-4 spinal cord injury, and is a quadriplegic. (*Id*.; Whitaker Decl. ¶ 7, Doc. 16-4.) Plaintiff uses a wheelchair for mobility. *Id.* On December 22, 2020, Plaintiff went to the Ba&sh store ("Store") at 3333 Bristol St, Costa Mesa, California. (Whitaker Decl. ¶ 3.) The Store is a business open to the public, a place of accommodation, and a business establishment. (Compl. ¶ 9.) Defendant, Ba&sh America Corp., owns the Store. (*Id.* ¶ 3.)

Plaintiff alleges that Defendant "failed to provide wheelchair accessible tables in conformance with ADA Standards." (Compl. ¶ 10.) In support of this, Plaintiff alleges that the table he encountered at the Store was "too low" and that there was a lack of "sufficient knee or toe clearance under the table for wheelchair users." (*Id.* ¶ 12.) An

_____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-00111-JLS-ADS | Date: July 26, 2021 |
| Title: Brian Whitaker v. Ba and sh America Corp | |

investigator employed by Plaintiff's counsel submits a declaration in support of the present Application, testifying that he visited the Store to investigate the claim and observed that there was a lack of sufficient knee or toe clearance under the table, and that the table was only 12 inches high. (Marquis Decl. ¶ 3, Doc. 16-5.) The declaration attaches photographs that the investigator took of the alleged violation. (Doc. 16-6.)

Plaintiff alleges that the "failure to provide accessible facilities" caused him "difficulty and discomfort" and that these barriers could be "easily removed without much difficulty or expense." (Compl. ¶¶17, 19.) Plaintiff further alleges that, due to the lack of wheelchair accessible tables, he has been deterred from returning to visit the Store. (Mem. at 1.) He claims that he will return to the Store as soon as the facilities are brought into compliance with the ADA. (*Id.* at 2.)

Plaintiff filed suit in this Court on January 20, 2021, asserting claims for violations of (1) the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; and (2) the Unruh Act, Cal. Civ. Code § 51-53 *et seq*. (Compl. ¶¶ 22-32.) The Court ordered Plaintiff to show cause why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. (OSC, Doc. 18.) Plaintiff timely responded. (Response, Doc. 19.) After reviewing Plaintiff's response, the Court declined to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim and dismissed it without prejudice to refiling in state court. (Doc. 20.) Only Plaintiff's ADA claim is at issue here.

Defendant was served with the summons the Complaint on January 26, 2021, (Doc. 10), but Defendant failed to file an answer, enter an appearance, or otherwise respond to the Complaint. On January 20, 2021, the Clerk entered default against Defendant at Plaintiff's request. (Doc. 15.) Plaintiff thereafter filed the instant Application for Default Judgment, seeking injunctive relief compelling Defendant to comply with the ADA, and $2,711.50 in attorney's fees and costs. (App. at 2; *see also* "Billing Records" Handy Decl., Doc. 16-3.)

## II. LEGAL STANDARD

Default judgment is a two-step process. *See* Fed R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Entries of default judgment must be

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00111-JLS-ADS                                                                    Date: July 26, 2021
Title: Brian Whitaker v. Ba and sh America Corp

preceded by an entry of default. Fed. R. Civ. P. 55. Upon entry of default, the factual allegations of the complaint, other than those asserting damages, are deemed to have been admitted by the defaulting party. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). However, Defendants are not held "to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010). Therefore, facts that are not well-pleaded and conclusions of law "cannot support the judgment." *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

Courts have the discretion to grant or deny motions for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Their discretion is informed by the seven "*Eitel* factors": (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III.    DISCUSSION

Here, the Court moves directly to the second and third *Eitel* factors which consider (1) the merits of a plaintiff's substantive claims and (2) the sufficiency of a complaint. *Eitel*, 782 F.2d at 1471. These two factors require that a plaintiff "state a claim on which [it] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal quotation marks and citation omitted).

The sole claim under consideration is Plaintiff's claim of disability discrimination under Title III of the ADA. As discussed, the Complaint alleges that Defendant failed to provide wheelchair accessible tables at the Ba&sh store located at 3333 Bristol St, Costa Mesa, California. (Compl. ¶ 10.)

To prevail on an ADA claim due to an architectural barrier, plaintiff must prove, among other things, that "the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA." *Vogel v. Rite Aid*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00111-JLS-ADS                                                    Date: July 26, 2021
Title: Brian Whitaker v. Ba and sh America Corp

*Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014); *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035 (9th Cir. 2020).

      Here, Plaintiff fails to identify any "architectural barrier" that would preclude him from full and equal access to Defendant's facility.  Plaintiff's theory of liability is that because Defendant provides a table at its store, it must provide a wheel-chair accessible table, and that the table he encountered was not accessible because of "[the] lack of sufficient knee or toe clearance under the table for wheelchair users," and because "the table was too low."  (Compl. ¶ 12.)  Specifically, Plaintiff contends that the table violated Section 306 of the 2010 ADA Standards, which states that "[w]here space beneath an element is included *as part of clear floor or ground space or turning space*, the space shall comply" with certain measurement requirements for the clearance space that are set forth in that Section.  *See* 2010 ADA Standards § 306 (emphasis added).

      Plaintiff's allegation that "[t]here was lack of sufficient knee or toe clearance *under* the table for wheelchair users" implies that the table at issue was meant to have clearance underneath, and that able-bodied patrons were able to sit at the table and have their knees fit under the table.  (Compl. ¶ 12 (emphasis added).)  However, the photographs Plaintiff has attached in support of his Application, (*see* Doc. 16-6), depict a solid, kidney-shaped coffee table that rests directly upon the floor with no space beneath it at all.  (Doc. 16-6.)  And Plaintiff admits that the coffee table is "only 12 inches high." (Mem. at 1.)  Thus, the coffee table was not meant to have "space beneath…as part of clear floor or ground space or turning space," and is not covered by Section 306.  Indeed, Plaintiff's allegations and accompanying evidence confirm that Plaintiff was not denied any use of the table that was available to able-bodied patrons.

      Because Plaintiff fails to establish any barrier at Defendant's Store, the Court need not examine any other elements of the claim or the remaining *Eitel* factors.  *Accord Mnatsakanyan v. Goldsmith & Hull APC*, No. CV 12-4358 MMM PLAX, 2013 WL 10155707, at *10 (C.D. Cal. May 14, 2013) (entry of default judgment is not appropriate where the second and third factors weigh against plaintiff).  In the absence of a viable claim, Plaintiff is not entitled to default judgment against Ba&sh American Corporation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00111-JLS-ADS	Date: July 26, 2021
Title: Brian Whitaker v. Ba and sh America Corp

### IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Application for Default Judgment.  The Clerk shall ADMINISTRATIVELY CLOSE this action.

Initials of Deputy Clerk:  mku